**Alice A. Richheimer, Plaintiff-Appellant, v. Robert C. Richheimer, et al., Defendants-Appellees.**

Gen. No. 51,173.

First District, Third Division.

March 23, 1967.

Arthur Morse and Robert A. Sprecher, of Chicago, for appellant.

Davis, Boyden, Jones & Baer, of Chicago (Benjamin B. Davis, Joseph Winslow Baer and Rodney N. Johnson, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

A decree of separate maintenance between the parties in this case provided that the defendant, Robert C. Richheimer, pay his wife $15,500 per year for alimony and support. On appeal to this court (Richheimer v. Richheimer, 59 Ill App2d 354, 208 NE2d 346 (1965)) the cause was remanded with directions to reduce the alimony to $11,500 a year. The alimony was thereupon reduced by the trial court.

Following the entry of the order the defendant filed a petition requesting that the reduction be made effective as of the date of the separate maintenance decree. The court granted the petition and ordered that the payments made by the defendant in excess of the yearly rate of $11,500 be returned to him. The court ordered that no interest should be paid on the excess and that the repayments should be made in 35 equal monthly installments.

The plaintiff's position in this appeal is that the trial court was mistaken in reducing her alimony retroactively since the mandate of this court made no such provision. The defendant replies that the trial court's order was proper because it corrected an erroneous award as of the date the error was made.

Although our mandate did not specify the date the reduction was to be made, the trial court's order was in conformity with the thinking of this court. Our opinion stated that the allowance of $15,500 was excessive.

This allowance was made in the decree of separate maintenance and was excessive at the time the decree was entered. From the date of the original award to the date of our mandate the defendant paid a larger amount of alimony than he rightfully should have paid. The increment to the plaintiff was an advantage which could not justly be retained and the trial court corrected the overpayment by retroactively adjusting the alimony to the date of the erroneous decree.

The adjustment was not contrary to the mandate of this court and the order of the Circuit Court is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.